**Ronald G. BIERER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–903.**

United States Court of Veterans Appeals.

July 22, 1994.

W. Christopher Hodge, Knob Noster, MO, was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, David W. Engel, Deputy Asst. Gen. Counsel, and Karen P. Galla, were on the brief, Washington, DC, for appellee.

Before FARLEY, MANKIN, and HOLDAWAY, Judges.

HOLDAWAY, Judge:

Appellant, Ronald G. Bierer, appeals a March 26, 1992, decision of the Board of Veterans' Appeals (BVA or Board) which denied recognition of Julie Johannessen as appellant's dependent spouse for purposes of improved disability pension benefits. The Court will affirm the decision of the BVA.

**BACKGROUND**

Appellant had active service from February 1954 to January 1956. In November 1987, appellant was awarded a permanent and total disability evaluation for pension purposes.

On December 8, 1989, appellant "married" Julie Johannessen in a religious ceremony at Collins, Missouri. He had not obtained a marriage license as he was required to do by state law. As proof of his marriage, he attached a letter dated December 20, 1989, from Elder Jan B. Johannessen of the Church and Library of the God of Israel, who stated:

> On the 8th day of Dcember [sic] 1989, I married My Daughter[,] Julie Ann Johannessen[,] to Ronald G. Bierer at Collins[,] Missouri.

> In our church we believe that the father of the bride has the right to perform this cermoney [sic] and that a license from the state is not nessecary, [sic] because we recognize only God can join two people together in this holy union.

On January 31, 1990, the Regional Office (RO) denied appellant's claim to establish Julie Johannessen as his dependent wife. The adjudicating officer explained that under 38 U.S.C. § 103(c) a marriage must be valid under the law of the place where the parties resided at the time of marriage. Since both parties resided in Missouri, a state which does not recognize common law marriages, at

the time they were "married," the VA could not recognize appellant's marriage.

In October 1990, appellant submitted a Notice of Disagreement contending that the statute used to deny his claim was discriminatory. In February 1991, appellant submitted a VA Form 1–9 (Appeal to the Board) and six statements from various acquaintances who witnessed Elder Johannessen officiate at appellant's ceremony, and who claimed that appellant and Julie Johannessen represent themselves as a married couple. On February 3, 1991, appellant received a personal hearing. He testified that his religion prohibited him from obtaining a marriage license, and that the RO's denial of his claim violated the Free Exercise Clause of the United States Constitution.

In April 1991, the St. Louis, Missouri, VA District Counsel issued a decision citing 38 U.S.C. § 103(c), which provides that a marriage is determined to be valid if it is in accordance with the law of the place where the couple resided at the time of the marriage or where the couple resided at the time the right to the benefit accrued. The District Counsel noted that Missouri law applied to this case because appellant and Julie Johannessen resided in Missouri at the time they were "married" and at the time they applied for benefits for Julie Johannessen as appellant's spouse. On June 7, 1991, the hearing officer issued a decision denying appellant's claim. On July 21, 1991, appellant submitted an "Addendum to Appeal" citing numerous legal authorities he deemed relevant to his claim. On September 16, 1991, the Board remanded appellant's claim to comply with due process considerations. On March 26, 1992, the BVA issued a final decision denying entitlement to dependent spouse status for Julie Johannessen. Appellant filed a timely Notice of Appeal.

## ANALYSIS

As an initial matter, the Court finds, contrary to appellant's unsupported assertion of some kind of "right of privacy," that the only constitutional protection reasonably at issue is appellant's ability to freely exercise his religious beliefs and practices. The only issue meriting discussion, therefore, is whether 38 U.S.C. § 103(c) violates the Free Exercise Clause of the United States Constitution. The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." U.S. Const. amend. I. Therefore, the First Amendment prohibits all "governmental regulation of religious beliefs as such." *Sherbert v. Verner*, 374 U.S. 398, 402, 83 S.Ct. 1790, 1793, 10 L.Ed.2d 965 (1963).

■ However, the Supreme Court has held that the right of free exercise of religion does not relieve an individual of the obligation to comply with a neutral law that either forbids (or requires) the performance of an act which is contrary to his or her religious practice, unless such a law also violates other constitutional protections. *See Employment Div., Dep't. of Human Res. of Oregon v. Smith*, 494 U.S. 872, 878–91, 110 S.Ct. 1595, 1599–06, 108 L.Ed.2d 876 (1990); *cf. Church of the Lukumi Babalu Aye v. City of Hialeah*, —— U.S. ——, ——, 113 S.Ct. 2217, 2226, 124 L.Ed.2d 472 (1993). In *Smith*, the Supreme Court noted that:

> We have never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate. On the contrary, the record of more than a century of our free exercise jurisprudence contradicts that proposition.

*Smith*, 494 U.S. at 878–79, 110 S.Ct. at 1600.

■ The Court must, therefore, determine whether 38 U.S.C. § 103(c) is a neutral statute dealing with a subject that the state is free to regulate. The Court holds that it is. Section 103(c) of title 38, United States Code, provides:

> In determining whether or not a person is or was the spouse of a veteran, their marriage shall be proven as valid for the purposes of all laws administered by the Secretary according to the law of the place where the parties resided at the time of the marriage or the law of the place where the parties resided when the right to benefits accrued.

It would be difficult to find a statute more "neutral" than this one is. Indeed, appellant

makes no contention to the contrary, but simply relies on a general and unfocused "right." There simply is no express or implied discrimination against any particular religious belief or sect, nor does the statute subtly or otherwise target any religious conduct for distinctive treatment. Of course, if this undeniably neutral statute applied a state law that was itself "discriminatory" in the First Amendment sense that would be another matter. We need not reach that issue in this case. Appellant makes no attack on the Missouri law. Furthermore, on its face the Missouri statute deals in a wholly neutral way with a subject, marriage, that is well within the ambit of conduct traditionally regulated by that state. *See Reynolds v. United States*, 98 U.S. 145, 162–167, 25 L.Ed. 244 (1878).

Because appellant did not marry Julie Johannessen in compliance with the law of Missouri, the Board's decision enforcing the statutory provisions of 38 U.S.C. § 103(c) was correct. The *decision of the Board is AF-FIRMED.*